The decision of the Court below was reversed on March 24, 1879, in the following opinion by
Trunkey, J.:
Zell and Eshleman were plaintiffs, and jointly interested in the action. Arbitrators were chosen in 1872, and four years thereafter, no award having been filed, the rule was struck off. Before the arbitrators, Eshleman was a witness on the part of the plaintiffs. and was cross examined by the defendant. Afterwards Eshleman died. Upon the trial, Zell offered the notes of Eshleman’s testimony, taken before the arbitration, which the court rejected. If there was not due proof of the notes, and of the hearings before arbitrators, and the presence of the parties, or if absent, of notice and opportunity to be present, the offer was rightly overruled ; but, it appears, the ruling was not for want of preliminary proofs, the notes themselves having been considered incompetent. It has been decided that notes of testimony, taken at a former trial of the same suit, when there was opportunity to cross-examine, are substantially a deposition, and that competent evidence under the Act of 1869, so taken, is admissable as depositions under the Act of March 28, 1814; Pratt vs. Patterson, 31 P. F. S. 114; Evans vs. Reed, 28 Ibid 415. The offer, if preceded by due proofs or waiver thereof, was admissible. When this cause was tried Zell was incompetent to prove any transaction which occurred during the life of Eshleman, and he was rightly excluded as a witness for that purpose: Brady vs. Reed, 87 Penna. State Rep. 111.
Judgment reversed and a venire facias de novo awarded.
Nous. — The case was retried and again taken to the Supreme Court and reported in 12 W. N. C. 248.